# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

F I L E D

April 15, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| PATRICIA ANNE PEHLMAN, | ) C/A NO. 03A01-9809-CV-00311 |
| | ) |
| Appellant, | ) KNOX CIRCUIT |
| | ) |
| v. | ) HON. BILL SWANN, |
| | ) JUDGE |
| GREGORY LAWRENCE PEHLMAN, | ) |
| | ) |
| Appellee, | ) |
| | ) |
| and | ) |
| | ) |
| SOBIESKI, MESSER & ASSOCIATES, | ) AFFIRMED |
| | ) AND |
| Intervenor. | ) REMANDED |

ROBERT L. CROSSLEY, THE CROSSLEY LAW FIRM, P.C., Knoxville, for
Appellant.

DANIEL L. TAYLOR, Memphis, for Appellee.

WANDA G. SOBIESKI, SOBIESKI, MESSER & ASSOCIATES, Knoxville, for
Intervenor.

## O P I N I O N

Franks, J.

In this action Patricia Anne Pehlman essentially seeks a declaration that
marital property awarded to her in a divorce is not subject to a lien in favor of the
intervenor.

The intervenor initially represented Gregory Pehlman in the Pehlmans'
divorce suit. During pendency of the action intervenor withdrew from representing

Gregory and Gregory and intervenor agreed on the amount of attorney's fees then due intervenor, as reflected in a Note signed by Gregory. Intervenor filed a lien *lis pendens* on the property in the Register of Deeds Office and notice of lien in the divorce action. Subsequently, the Pehlmans were divorced and the Divorce Decree recites that "[t]he parties announced a settlement of the issues in this divorce litigation, and upon said announcement the Court approved their incorporation into a final decree of absolute divorce", and as to the marital property, the Decree provided:

> As a division of marital property pursuant to T.C.A. §36-4-121 wife shall receive the residence of the parties located at 1947 Grenade Boulevard, Knoxville, Tennessee 37922. Husband shall execute a quit claim deed transferring his interest in said residence to the wife, and said executed quit claim deed shall be held by husband's attorney, in escrow, until this decree of divorce becomes final. Husband shall be solely responsible for immediately resolving his dispute with Wanda Sobieski, so that her attorney lien is removed from the residence.

Subsequently, Patricia filed a Motion to Quash Intervenor's Lien, and Notice, which had been filed pursuant to T.C.A. §23-2-102, for legal services rendered Gregory in the divorce action. Subsequently, the Trial Court determined:

> The settlement that resulted in a final decree of absolute divorce vested the parties marital residence in the plaintiff/counter-defendant.
>
> Plaintiff/counter-defendant took such property with full knowledge of the recorded lien and subject to said lien, and that the lien survived the divorce decree.
>
> Patricia appealed that order to this Court and we remanded, upon

determining that the judgment ordered the husband to resolve his dispute with his former attorney, and we noted "the judgment provides, to resolve his dispute with intervenor, not only as to the amount of the fee, but as to the validity of the lien". Upon remand and argument of counsel and receipt of evidence the Trial Court ruled:

> This Court confirms that its intent with respect to language "resolved his dispute" and this Court's order of August 14, 1996, was simply that Mr. Pehlman pay his counsel. There is no dispute as to the lien, the propriety of the lien, the fees claimed, or any other matter between Mr. Pehlman and the intervenor.

2

The Court then reaffirmed its former holding "in all respects".

Patricia has again appealed to this Court insisting the lien is invalid because the husband did not "recover" the marital residence, and the statutory lien failed because it was not declared in the final decree.

Notice of the statutory lien was filed in the divorce action, and the disposition of the marital estate was at issue in that action. Gregory voluntarily deeded his interest to Patricia as a part of the divorce settlement, and she accepted as the Trial Judge found "with full knowledge of the recorded lien, and subject to said lien". The operational effect of this lien is not unlike the circumstances in *Third National Bank in Nashville v. Nobler,* 789 S.W.2d 254 (Tenn. 1990). In *Nobler,* during the pendency of an action for divorce between the Noblers, a creditor of the husband levied on some real property which the Noblers owned as tenants by the entirety. The Trial Judge ordered the property sold in the divorce action, and the Supreme Court ultimately held that the right of survivorship previously conveyed or attached by a judgment creditor was not destroyed by the dissolution of the tenancy by the entireties, and concluded that the judgment creditor was entitled to the survivorship interest in the property to the extent of the creditor's interest.

It is generally held that the transfer of property subsequent to the attachment of a lien does not affect the lien. *See Michigan v. United States*, 317 U.S. 338, 340 63 S.Ct. 302, 303, 87 L.Ed. 312. A spouse may convey her right of survivorship without consent of the other. *See Robinson v. Trousdale County*, 516 S.W.2d 626 (1974). Accordingly, a lien may attach to a spouse's right of survivorship, without the consent of the other spouse.

We therefore conclude that the intervenor's lien attached to the Gregory's right of survivorship, and survived the transfer of title to Patricia.

We affirm the judgment of the Trial Court and remand with the cost of

3

appeal assessed to the appellant.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
William H. Inman, Sr.J.